IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IGNITE USA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC MARKET INTERNATIONAL, LLC <br><br> Defendant. | Civil Action No. 16-cv-01930 <br><br> Hon. Sara L. Ellis <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT PACIFIC MARKET INTERNATIONAL, LLC'S
MEMORANDUM IN SUPPORT OF MOTION TO STAY**

**I.     INTRODUCTION**

Defendant Pacific Market International, LLC ("PMI" or "Defendant") respectfully moves the Court to stay this case pending a final written decision on PMI's Petition for *inter partes* review challenging the validity of U.S. Patent No. 8,590,731 ("the '731 Patent") filed with the United States Patent and Trademark Office (the "USPTO") on July 25, 2016. (Exh. A - '731 IPR Petition). An *inter partes* review (IPR) is an administrative proceeding conducted by the USPTO that will determine the validity and scope of the patent. *See* 35 U.S.C. §§ 301-319, *et seq*. The Petition demonstrates that every asserted claim of the '731 Patent is invalid by prior art that was either not properly considered or not considered at all by the USPTO during prosecution.

Courts routinely grant motions to stay in light of an IPR directed to patent claims asserted in litigation. *See e.g.*, *Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, No. 2:13–CV–04160–NKL, 2014 WL 2511308, at *4 (W.D. Mo., June 4, 2014) ("courts routinely grant stays based on the filing of an IPR petition because the high probability that the request will be granted and potential benefits of IPR outweigh the relatively modest delay resulting from the stay if the petition for IPR is denied"); *Graywire, LLC v. Ciena Corp.*, No. 1:08–CV–2993–BBM, 2009

WL 8590870, at *3 (N.D. Ga. July 17, 2009) ("[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of the USPTO"); *see also Brixham Solutions Ltd. v. Juniper Networks, Inc.,* No. 13–CV–00616–JCS, 2014 WL 1677991, at* 1 (N.D. Cal. Apr. 28, 2014); *Black & Decker Inc. v. Positec USA, Inc.,* No. 13 C 3075, 2013 WL 5718460, at *1 (N.D. Ill. Oct. 1, 2013); *E–Watch, Inc. v. Lorex Canada, Inc.,* No. CIV.A. H12–3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013); *Norred v. Medtronic, Inc.,* No. 13–2061–EFM/TJJ, 2014 WL 554685, at *3 (D. Kan. Feb. 12, 2014).

The present case is one of four related patent lawsuits brought by Ignite USA, LLC ("Ignite") against PMI in the Northern District of Illinois. The first of these cases, No. 1:14-cv-856 before Judge Holderman (the "Holderman Case"), was filed February 7, 2014, after which PMI filed an *inter partes* review petition that successfully invalidated all claims that were asserted at that time. PMI moved to stay the Holderman Case and the stay was quickly granted. *Ignite USA, LLC v. Pacific Market International, LLC*, No. 14 C 856, 2014 WL 2505166 (N.D. Ill., May 29, 2014).

The issues of the Holderman Case were greatly narrowed, as all asserted claims were invalidated in the *inter partes* review.[1] PMI intends to file *inter partes* review petitions in the remaining two cases, Nos. 1:16-cv-1928 and 1:16-cv-1929, and intends to move those Courts to stay their respective actions pending the outcome of the *inter partes* review petitions.

## II.     BACKGROUND

### A.     Background of the Litigation

The '731 Patent relates to a feature on a travel mug that permits the user to push a button, triggering a mechanism that operates as both a shutter for a drinking orifice and also a seal for a vent opening. *See* Complaint, Exhibit A (Dkt. 1). The '731 Patent additionally uses a shutter

---

[1] Ignite later asserted two claims it had not asserted prior to the *inter partes* review petition.

2

28189858v.3

spring to return the shutter to the closed position and a trigger spring to return the trigger to the closed position. The asserted claims are invalid because the claimed technology already existed at the time the application for the '731 Patent was filed. This lawsuit involves only one cause of action: infringement of claims 30 and 31 of the '731 Patent, both of which are being petitioned before the USPTO. Accordingly, the litigation will be significantly simplified if it is stayed until the USPTO issues a final decision.

### B. Background of the *Inter Partes* Review Procedure

The *inter partes* review procedure was established to create "a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." 77 Fed. Reg. 48,680 (Aug. 14, 2012). The USPTO must decide whether to institute an *inter partes* review within six months after the petition filed. 35 U.S.C. § 314(b). It will institute the proceeding if the petitioner shows a reasonable likelihood of prevailing on at least one challenged claim. 35 U.S.C. § 314(a). If the review is instituted, the USPTO must issue a final determination within one year after the review is instituted or within eighteen months on a showing of good cause. 35 U.S.C. § 316(a)(11). USPTO statistics indicate that 68% of petitions for *inter partes* review have been instituted since the process was introduced in September 2012. (Exh. B - PTAB Statistics).

In contrast to the former reexamination process, which involved a single patent examiner, the *inter partes* review process is adjudicated by a three-judge panel of the Patent Trial and Appeal Board ("PTAB"). This is expected to result in reasoned decisions that resolve many patent validity disputes that otherwise would be litigated in district courts. It is expected that *inter partes* review decisions likely will produce results that are similar to the former *Inter Partes* Reexamination process, in which claims were amended or cancelled in 92% of cases. (Exh. C - Reexamination Statistics).

**III.     ARGUMENT**

    **A.     All Three Factors That Courts Consider When Weighing a Stay Favor Staying Litigation Pending the *Inter Partes* Review**

This Court has the authority to stay, at its discretion, an action pending review by the PTAB. *Black & Decker*, 2013 WL 5718460, at *1 (granting motion to stay pending *inter partes* review) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988)). The factors in determining whether to grant a stay pending *inter partes* review are the same factors to determine whether to grant a stay pending patent reexamination. *Regents of Univ. of Michigan v. St. Jude Med., Inc.*, No. 12-12908, 2013 WL 2393340, at *2 (E.D. Ill. May 31, 2013) (granting stay pending *inter partes* review). These factors are whether a stay will: (1) unduly prejudice or tactically disadvantage the non-moving party; (2) simplify the issues in question and streamline the trial; and (3) reduce the burden of litigation on the parties and on the court. *Black & Decker*, 2013 WL 5718460, at *1.

    **1.     Ignite will not be unduly prejudiced or tactically disadvantaged by a stay of this case pending *inter partes* review of the asserted patent**

Ignite will not be prejudiced or disadvantaged by a stay of this case because the case is in its earliest stages. Ignite filed this lawsuit on February 3, 2016, and served PMI on May 2, 2016. PMI filed its answer on June 10, 2016 (amended June 22, 2016) denying the allegations. Ignite just recently served infringement contentions on July 21, 2016 and, other than basic documentation mandated by the local patent rules, no discovery has been exchanged.

Delay in itself does not constitute undue prejudice. *Black & Decker*, 2013 WL 5718460, at *2. The fact that PMI is seeking a stay at the earliest stage of litigation before any discovery has been issued reduces any tactical disadvantage that Ignite could plausibly face. *Round Rock Research LLC v. Dole Food Co., Inc.*, No. 11-1239-RGA, 2012 WL 1185022, at *2 (D. Del.

4

Apr. 6, 2012) (concluding that there is "little tactical disadvantage," if any, associated with granting a stay early in the discovery period). PMI promptly petitioned for *inter partes* review and sought a stay in this matter well in advance of the one year statutory deadline for filing an *inter partes* review petition (35 U.S.C. § 315(b)), and the January 12, 2017 deadline in this litigation for seeking a stay pending *inter partes* review (Dkt. 21, Exh. A, p. 2).

Delay inherent in a USPTO determination of patent validity is not prejudicial. *See, e.g., Graywire*, 2009 WL 8590870, at *4 ("The general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay."). Additionally, Ignite's own delay in waiting over two years to file suit after the issuance if the '731 Patent is further evidence that it will not suffer prejudice from a stay. *Visual Interactive Phone Concepts, Inc. v. Samsung Telecom. America, LLC*, No. 11-12945, 2012 WL 1049197, at *3 (E.D. Mich. March 28, 2012) (holding that plaintiff's one-year delay in filing suit supported a finding that a stay would not be unduly prejudicial).

The IPR process will take a maximum of eighteen months and because this litigation is in its earliest stages, such delay will not unduly prejudice or tactically disadvantage Ignite. It is inefficient for the parties to expend resources litigating issues that will be rendered moot should the USPTO decide that the claims are invalid. It is equally inefficient to expend valuable judicial resources determining claim construction and validity related issues that may be affected by claim construction and amendments during the *inter partes* review.

  **2. A stay will simplify the issues in this case and streamline the trial**

A stay is justified in this case because the USPTO's review of the '731 Patent is likely to eliminate or streamline key invalidity issues. *Black & Decker*, 2013 WL 5718460, at *2. There is an 68% likelihood that the USPTO will institute a trial and a 92% likelihood that one or more

5

claims of the '731 Patent will be amended or cancelled. (*See* Exhs. B and C). Indeed, two patents related to the '731 Patent have already been subjected to the IPR process and nearly all claims in those patents were invalidated. (Exh. D - '442 Patent IPR Final Written Decision; and Exh. E - '933 IPR Final Written Decision). Accordingly, given the likelihood that at least one of the two asserted claims will be amended or cancelled, the issues in this case will be streamlined by allowing the USPTO to first review the patent before the parties begin litigating claims that may not be valid or may later be amended.

Staying this litigation will either eliminate the need for trial by invalidating the '731 Patent or simplify the remaining issues for trial. In the event that the claims are invalidated, the litigation will not proceed. If either asserted claim 30 or 31 remains or is amended, the Court and the parties will have the benefit of the USPTO's expertise and its interpretation of prior art. Allowing for this process to be completed while staying litigation would save the parties' and the Court's resources by allowing the parties to postpone discovery related to patent claims that may not be valid or may be amended or construed as a result of the *inter partes* review.

### 3. A stay will reduce the burden of litigation on the parties and the Court

If the USPTO cancels all or some of the asserted claims, then the issue of infringement of those claims will no longer exist. *Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1368 (Fed. Cir. 2013) rev'd on other grounds, 135 S.Ct. 1920 (2015) ("[i]t is axiomatic that one cannot infringe an invalid patent"). If the USPTO narrows the scope of any claim to overcome the prior art, the claim at issue will be different than now exists. Thus, it is likely that a stay will simplify the issues in the case and therefore reduce the burden of litigation on the parties and the Court. Without a stay, there is a risk that the parties will spend time and resources unnecessarily because the USPTO may declare all claims invalid or the parties will engage in a wider scope of

6

discovery than is necessary if some of the claims are narrowed or cancelled. *E–Watch*, 2013 WL 5425298, at *2 ("[I]f the USPTO accepts the IPR petitions, the continuation of this litigation will likely result in the unnecessary expenditure of the parties' and court's time and resources on claims that may be fundamentally altered by the USPTO's determination regarding the patents-in-suit"); *see also Anascape, Ltd. v. Microsoft Corp.*, 475 F.Supp.2d 612, 615 (E.D. Tex. 2007) ("Courts need not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated or lucidly narrowed by the patent reexamination process and the expertise of its officers").

Unless a stay is issued, there will be two simultaneous proceedings addressing the validity of the '731 patent. This would result in the parties conducting costly and time-consuming discovery and the Court expending judicial resources on claim construction, to evaluate and rule on dispositive motions and to conduct a trial. There is a significant risk that all of this work will be deemed unnecessary if the USPTO rules that all or some of the patent claims are invalid or requires narrowing of the claims, which is likely to occur. Therefore, this factor weights in favor of granting a stay.

> **B.**  **A Stay is Appropriate Even Though the USPTO Has Not Yet Initiated the *Inter Partes* Review**

A stay of patent litigation pending *inter partes* review is appropriate even when the review has not yet been initiated by the USPTO. *See Black & Decker*, 2013 WL 5718460, at *3 (granting motion to stay before *inter partes* review initiated); *Neste il Oyj*, No. 12-1744-GMS, 2013 WL 3353984, at *5 (same). The USPTO will determine whether to institute the proceeding by October 1, 2014, six months from the filing date of the petition. 35 U.S.C. § 314(b). Thus, if the proceeding is not instituted, the case will have been delayed by no more than six months. *See*

7

…

*Black & Decker*, 2013 WL 5718460, at *2 (calling the delay in waiting for the decision of whether to grant *inter partes* review "fairly short").

## IV. CONCLUSION

PMI therefore asks the Court to stay this action at least until the USPTO determines whether to institute the *inter partes* review, which by statute must occur within six months of the July 25, 2016 filing of the IPR Petition. At that time, the parties can report to the Court whether the USPTO instituted the IPR, and if so, PMI requests the stay be continued until the USPTO issues a final written decision, which by statute must occur within eighteen months.

**DATED:** July 29, 2016

Respectfully submitted,

PACIFIC MARKET INTERNATIONAL, LLC

By:  */Patrick T. Muffo/*
     One of Its Attorneys

Michael R. Levinson
mlevinson@seyfarth.com
Patrick Muffo
pmuffo@seyfarth.com
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Telephone:   (312) 460-5000
Facsimile:   (312) 460-7000

8
28189858v.3

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

>Stephen M. Schaetzel
>Warren J. Thomas
>MEUNIER CARLIN & CURFMAN LLC
>999 Peachtree Street, NE
>Suite 1300
>Atlanta, Georgia 30309
>sschaetzel@mcciplaw.com
>wthomas@mcciplaw.com


>Jonathan M. Cyrluk
>Joshua S. Goldberg
>Steven C. Moeller
>CARPENTER LIPPS & LELAND LLP
>180 North LaSalle Street
>Suite 2640
>Chicago, Illinois 60601
>cyrluk@carpenterlipps.com
>goldberg@carpenterlipps.com
>moeller@carpenterlipps.com

>>*/Patrick T. Muffo/*
>>Patrick Muffo